**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRED S. LEHMANN, | : | |
| | : | Civil Action No. 07-4837 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ATLANTIC COUNTY PROSECUTOR'S OFFICE, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Fred S. Lehmann, Pro Se
Riverfront State Prison
#551851/479499B
P.O. Box 9104
Camden, NJ 08101

**BUMB**, District Judge

This matter is before the Court on Petitioner's application for habeas corpus relief, pursuant to 28 U.S.C. § 2254.[1] For reasons now discussed, the Court finds that this application must be dismissed because Petitioner has failed to exhaust all available state remedies before bringing this federal petition, as required under 28 U.S.C. § 2254(b)(1)(A).

---

[1] Petitioner has also filed an application to proceed in forma pauperis. Based on Petitioner's affidavit of indigence, the Court will grant his application.

**BACKGROUND**

Petitioner plead guilty and was sentenced on May 28, 2006 to a three-year prison term by the Superior Court of New Jersey, Atlantic County, for possession of controlled dangerous substances. Petitioner states that a condition of the plea agreement was that he was to be released to a 6-month drug program, and if he violated that program, he would be required to serve the 3-year prison term. Petitioner argues that by placing him in prison, his plea agreement has been violated, and his plea rendered involuntary.

It appears from the Petition that Petitioner did not directly appeal his sentence; however, he filed a post-conviction relief ("PCR") application that remains pending in Superior Court. Petitioner states that the hearing was scheduled for "sometime in October 2007 as of September 20, 2007."[2]

---

[2] Petitioner names as Respondents the Atlantic County Prosecutor's Office, Jeffrey Blitz, Michael R. Connor, Atlantic County Public Defender's Office, Joel Mayer, and the Attorney General of New Jersey. None of these named respondents is the proper respondent in a habeas case. The warden of the facility in which Petitioner is housed would be the proper respondent. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; see also Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). However, due to the Court's finding that this Petition should be dismissed, without prejudice, for failure to exhaust, the Court notes this error only for Petitioner's benefit, if he is to refile a § 2254 petition in the future.

**DISCUSSION**

**A.    *Sua Sponte* Dismissal**

Title 28 of the United States Code, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

B.      **Exhaustion Analysis**

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective. . . ."[3]  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Duarte v. Hershberger, 947 F. Supp. 146 (D.N.J. 1996); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").  The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993).

---

[3]  Exhaustion of remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  In 1948, the exhaustion doctrine was first codified at 28 U.S.C. § 2254, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18; Evans, 959 F.2d at 1230; O'Halloran v. Ryan, 835 F.2d 506, 509 (3d Cir. 1987).  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519; Castille v. Peoples, 489 U.S. 346, 349 (1989).

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings.  See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").  Once a petitioner's federal claims have been fairly presented to the state's highest

court, the exhaustion requirement is satisfied. See <u>Picard</u>, 404 U.S. at 275; <u>Castille</u>, 489 U.S. at 350.

The petitioner generally bears the burden to prove all facts establishing exhaustion. See <u>Toulson</u>, 987 F.2d at 987. This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. See <u>Picard</u>, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. See <u>id</u>. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. See 28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Petitioner has failed to exhaust his state court remedies with respect to the challenged state court conviction and sentence. He admits that he filed a PCR application which is pending in the state courts. Thus, based on Petitioner's own admissions in his application, it appears that the claims he now presents have been neither raised nor fairly presented for state court review. Therefore, Petitioner has failed to exhaust his petition.

Further, Petitioner has not shown that there is an absence of available state process. Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review

of unexhausted claims." Toulson, 987 F.2d at 987.  There does not appear to be any reason why Petitioner might be prohibited from exhausting his claims in state court.[4]

Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

---

[4] Petitioner's PCR application remains pending in state court.  The Court also directs Petitioner to the habeas statute regarding time limitations for filing a habeas petition in federal court, 28 U.S.C. § 2244(d)(stating that once Petitioner's conviction becomes "final," he has one year to file his habeas petition in federal court, absent tolling).

constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## **CONCLUSION**

For the foregoing reasons, this Court finds that Petitioner has failed to exhaust his available state court remedies.  The Court therefore will dismiss the § 2254 habeas petition without prejudice.  No certificate of appealability shall issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c)(2).

An appropriate Order accompanies this Opinion.


                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge
Dated: October 30, 2007

8